**NATIONAL COUNCIL OF AMERICAN-SOVIET FRIENDSHIP, INC.,**
Petitioner,

v.

**SUBVERSIVE ACTIVITIES CONTROL BOARD, Respondent.**

No. 13260.

United States Court of Appeals District of Columbia Circuit.

Jan. 8, 1962.

Memorandum in Explanation of Prehearing Order Entered Jan. 8, 1962.

Jan. 10, 1962.

Mr. David Rein, Washington, D. C., for petitioner.

Mr. Frank R. Hunter, Jr., Gen. Counsel, Subversive Activities Control Board, and Mr. George B. Searls and Mr. Lee B. Anderson, Attys., Dept. of Justice, for respondent.

Before PRETTYMAN, BAZELON and DANAHER, Circuit Judges, in Chambers.

PER CURIAM.

Counsel having appeared before this court for a prehearing conference, and it appearing that counsel for petitioner asserts that numerous alleged findings of fact included in the Report and Order of the Board here under review are without the support of substantial evidence in the record as a whole; and it further appearing that the Board in response insists that all its findings are fully supported by substantial evidence in the record; and it further appearing that the record in this cause is voluminous, consisting of some 5400 pages of transcript of testimony and about 300 exhibits, some of which are voluminous; and it appearing that petitioner alleges it is without funds with which to reproduce any considerable portion of the record for the use of the judges of the court; it is hereby

ORDERED by the court that on or before February 23, 1962, petitioner shall file herein a statement showing a selected number of findings of fact contained in the Board's Report which findings petitioner says are (1) material to the issue in the case, (2) typical as a

factual foundation for the point which petitioner wishes to make upon this review as to the sufficiency of the evidence and (3) without substantial support in the record as a whole.

Further proceedings in this matter will be the subject of further orders of the court.

Memorandum in Explanation of
Prehearing Order Entered
January 8, 1962.

PRETTYMAN, Circuit Judge.

This proceeding is a petition to review an order of the Subversive Activities Control Board. Among the grounds for relief recited in the petition are allegations that the findings and order of the Board are not supported by the evidence. At the prehearing conference, held in accordance with our Rule 38(k), counsel for the petitioner stated orally its contention that none of the findings of fact by the Board is supported by substantial evidence on the record as a whole. The Report and Order of the Board consists of 64 single-spaced, letter-size pages. The record is extensive, consisting of 5417 pages of transcript of testimony and 300 exhibits whose total pages about equal in number the pages of the transcript. The transcript is what is known as "ditto" copy, a familiar purple-ink type of reproduction. There is only one copy of this record. The petitioner asserts that it has no funds with which to reproduce any considerable portion of the record for the use of the court. The Report of the Board is not annotated to the record; no general rule requires it to be. The Board says enormous labor of many months duration would be required to annotate the entire Report. Thus a procedural problem is posed.

As petitioner says that the findings of fact are not supported by evidence, it cannot designate the parts of the record which demonstrate its point, unless it designates the entire record. If the evidence is not in the record, it is not in the record at any point; to demonstrate this conclusion would require an examination of the entire record. A quick calculation shows that if a person were to read at the rate of 250 pages a day it would take him twenty days, or a complete working month, merely to read the transcript, and apparently a further equal time to read the exhibits. Even if one judge could devote this amount of time to the reading of the record in this one case, neither we nor the parties would agree to a consideration of the matter by only one judge. It is clear that each of three judges, successively, could not read this record without completely disorganizing the work of the court. The procedure we here design is to avoid any such result and still give the parties full and fair opportunity to present their claims and to assist the court.

The court has two objectives as it approaches the case. One is that the parties have a perfectly fair opportunity to present the points they wish to present, and the second is that the court understand those questions and dispose of them accurately. Proceedings in this court are not designed to permit artificial maneuvering either for the purpose of delay or for the purpose of confusing the issues which may be involved.

As a part of its prehearing procedure, and in an attempt to solve the above-described procedural difficulty, the court has devised the step reflected by the order entered in this cause January 8, 1962. It is to be understood that this order does not represent any final disposition of the problem; it is a step in the prehearing procedure.

The order requires the petitioner to select from among the findings of the Board some which it (the petitioner) deems to be typical of its contention that the findings are without the support of evidence. By "typical" the court means merely that the finding mentioned illustrates and demonstrates the petitioner's contention that findings recited by the Board have no support in the evidence. In pointing to those findings, petitioner is to select findings which are

material, that is, which bear with some weight upon the ultimate conclusion of the Board. It is not to select inconsequential findings. When the statement required by this order has been filed, and the judges have had an opportunity to examine it, the court will then devise and order the next step in the prehearing procedure; all this in an effort to arrange a process for the presentation of this case which will be both fair and feasible.

Circuit Judges BAZELON and DANAHER have authorized me to state they join in this memorandum.